GOLDSMITH, PLAINTIFF, v. TRANS WORLD AIRLINES, INC., ET, DEFENDANTS.

Common Pleas Court, Montgomery County.

No. 120575.   Decided June 7, 1963.

*Mr. Irving Saul*, for plaintiff.
*Messrs. Curtner, Brenton & Selva*, for defendants.

MILLS, J. This is an action for damages for personal injury. Plaintiff alleges on April 28, 1960, he was at James M. Cox Municipal Airport, Vandalia, Montgomery County, Ohio, waiting in the outside area provided for spectators to see a friend away on a Trans World Airline, and that he was injured through the negligence of the defendants in permitting a freight cart to strike plaintiff.

The action was filed April 24, 1962, within the two year period for filing such actions, and on April 24th, 1962, an affidavit for service by publication was filed and an order for publication being filed the same day for service upon Richard Roe and John Doe. Proof of publication was filed on June 1st, 1962, from the Daily Court Reporter, a newspaper of general circulation in Montgomery County, Ohio, stating that the first publication was printed on the 26th day of April, 1962, and the last publication on May 31st, 1962, both days inclusive.

On April 24th, 1962, an amended praecipe was filed for foreign service upon Trans World Airlines, Inc., a foreign corporation, incorporated under the laws of Delaware and licensed to do business in the State of Ohio, the principal office of which in Montgomery County, Ohio is 379 West First Street, by personal service upon any officer of the Trans World Airlines, Inc., Montgomery County, Ohio, returnable according to law. Said amended praecipe read in part as follows:

"Action for money only judgment; amount claimed $20,-748.00 and costs. Also instruct the sheriff of Montgomery County, Ohio, to send by registered mail, postage prepaid, return receipt requested, to Trans World Airlines, Inc., 10 Richards Road, Kansas City, 8, Missouri, which is the last known address of its principal office, a true and attested copy of the summons with an endorsement thereon of the service upon such

officer or employee together with a certified copy of the petition, which the clerk shall furnish to the sheriff of Montgomery County, Ohio, and a certified copy of this amended praecipe, which the clerk shall furnish to the sheriff of Montgomery County, Ohio, and to attach the said registered mail return receipt to and make it a part of the return of service. Also: Issue summons together with a certified copy of the petition herein and together with a certified copy of this amended praecipe to the sheriff of Cuyahoga County, Ohio, for service upon the defendant, Trans World Airlines, Inc. by personal service upon the designated agent, also known as statutory agent, in Ohio, for Trans World Airlines, Inc. who is Wm. J. Workman, a natural person, c/o CT Corporation System, Union Commerce Building, Cleveland, Ohio, or by leaving a copy thereof at the aforesaid address of said designated agent which is c/o CT Corporation System, Union Commerce Building, Cleveland, Ohio, which is the address of the designated agent for Trans-World Airlines, Inc. in Cuyahoga County, which is the county in Ohio in which the principal office in Ohio of Trans World Airlines, Inc. is located, as such address appears upon the record in the office of the Secretary of State of the State of Ohio.

''Endorse same: Action for money only judgment; amount claimed $20,748.00 and costs.

''Also: Cause service by publication to be made against all other defendants in the above action pursuant to Section 2703.24, Revised Code, and the order filed herein of the Common Pleas Court of Montgomery County, Ohio, with respect thereto.''

The amended return of service of summons in Montgomery County, Ohio, was filed August 3, 1962, by the sheriff of Montgomery County, Ohio, showing service upon the agent of Trans World Airlines, Inc., a foreign corporation, in Montgomery County, Ohio; also the return receipt for the registered mail called for by the amended praecipe to be sent by the sheriff of Montgomery County, Ohio, to the home office of Trans World Airlines, Inc. and referred to in said amended return filed by the Sheriff of Montgomery County, Ohio, on August 3, 1962, has been filed with the clerk. The return filed May 2, 1962, by

the Sheriff of Cuyahoga County shows that the summons issued to him was received by him, served on the statutory agent in Ohio for Trans World Airlines, Inc. on April 26, 1962.

This court is of the opinion this is a diligent endeavor to serve summons upon all parties herein.

The court quotes several sections of the Revised Code of Ohio upon service of summons.

The first section is Section 2307.38, Revised Code, "Venue of actions against non-residents:"

"An action, other than one of those mentioned in Sections 2307.32 to 2307.35, inclusive, Revised Code, against a nonresident of this state, or a foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found, or where the cause of action or some part thereof arose."

This court is of the opinion, therefore, that there was proper service upon the defendant non-resident corporation in two ways, and also, that there was proper service upon John Doe and Richard Roe by publication, who, with Trans World Airlines, Inc., are proper parties to this action.

Now another question before the court is whether or not counsel complied with Section 2703.02, Revised Code, which provides as follows:

"The plaintiff shall also file with the clerk of the court a *praecipe*, stating therein the names of the parties to the action, and if it is for the recovery of money only, the amount for which judgment is asked, and demanding that a summons issue."

There is a complaint on the part of defendant, that plaintiff did not add "with interest" to the endorsement on the summons. This was an unliquidated claim and it is the opinion of this court it would be useless to ask for interest on an unliquidated claim until judgment is obtained.

An unliquidated claim does not bear interest until after judgment. It is the court's opinion that under Section 2703.02, Revised Code, if plaintiff waives interest then he is bound by the amount of the judgment, and if he does not claim interest in his praecipe, the amount claimed *with interest*, then he is denied any interest in case he obtains a judgment and of course would be limited to the amount of his endorsement.

Section 2703.03, Revised Code, under the heading "Requisites of summons," reads:

"The summons must be issued and signed by the clerk, and be under the seal of the court from which it is issued. Its style shall be 'The State of Ohio, ........ County' and it must be dated the day it is issued. It shall be directed to the sheriff of the county who shall be commanded therein to notify the defendant that he has been sued, and that he must answer at a time stated therein, or the petition will be taken as true and judgment rendered accordingly. When the action is for the recovery of money only, there must be endorsed on the *writ* the *amount* stated in the praecipe, for *which* with interest judgment will be taken if the defendant fails to answer. If the defendant fails to appear, *judgment shall not be rendered for a larger amount than the amount prayed for and the costs.*"

All parts of said requisites that are applicable to this case appear on the summons issued in this case, and it is this court's opinion it does not have to be typewritten on the back of the summons. The applicable part and intent of the words, "for which, with interest, judgment will be taken" was endorsed upon the face of the summons in this case. Also, it is the opinion of the court that the legislature did not mean that those words should be a part of the praecipe. If so it would have been under the heading of "praecipe" in Section 2703.02, Revised Code. Defendant, having been notified between the body of the summons and the endorsement thereon of the amount claimed, it would be a vain thing to require the clerk to place the same words on another part of the summons. This section does not say the clerk should endorse those words on the back of the summons or any other particular part of the summons, except "endorse on the summons," whether it is the face, the back, or wherever it might be.

It will be noted Section 2703.03, Revised Code, states in the next to last sentence therein "When the action is for the recovery of money only, there must be endorsed on the writ the amount stated in the praecipe, for which, with interest, judgment will be taken if the defendant fails to answer." The word "amount" before the word "stated" is the antecedent of the word "which" in the next line. Had the legislature intended the meaning counsel for defendant interprets to it,

there would be a colon after the word "writ." There is not this punctuation. Further, why otherwise does the legislature insert in the very last sentence of this section after the word "appear," "judgment shall not be rendered for a larger amount than the amount prayed for and the costs?"

The wording limits the amount of a judgment, and if interest is not prayed for in the praecipe, should the plaintiff herein recover judgment, then plaintiff is not entitled to interest.

The legislature by use of the quotation marks in the first sentence of Section 2703.03, Revised Code, is telling you that these quoted words are mandatory. Had the legislature's intention been the same in the fourth sentence, it would surely have used the same rule of punctuation. Certainly the legislature would not have used one rule of punctuation for the first sentence and a different rule of punctuation for the fourth sentence of the same paragraph. The very term "interest" is repugnant to a personal injury action for unliquidated damages, since in such a cause of action, interest *cannot* constitute any part of the judgment whatsoever. Interest would first arise only after the entry of judgment and would accrue only from the entry of judgment until payment or satisfaction of the judgment. The logical reading of the words "for which, with interest, judgment will be taken if the defendant fails to answer" indicates that the legislature is defining for you the formula for determining the *dollar figure* to be endorsed in the summons. In effect, the legislature is saying you must endorse an *amount* on the summons; now what amount? Why, it is the amount stated in the praecipe, for which, with interest (if interest is applicable to the case) that judgment will be taken if the defendant fails to answer. Consequently, if a person is suing on an instrument for the payment of money such as a promissory note, one would compute the principal balance and all accrued interest and add the two items together and come up with a singular dollar figure which would be endorsed on the summons. This construction of legislative intent appears all the more reasonable and likely in view of the fifth sentence of said Section 2703.03, Revised Code, which is also the final sentence thereof and reads:

"If the defendant fails to appear, judgment shall not

be rendered for a larger amount than the amount prayed for and the costs."

The court will overrule the motion to quash service of summons.